[No. 22156.   Department One.   March 27, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. CLARA BUDREAU *et al., Appellants.*[1]

[1]Reported in 286 Pac. 51.

104

*Arthur C. Bannon,* for appellants.

*Ewing D. Colvin* and *Cordelia M. Thiel,* for respondent.

BEALS, J.—Defendants Clara Budreau and William Gray, together with one William Sargent, were jointly charged with being jointists, the material part of the information reading as follows:

"They, said Clara Budreau, William Sargent and William Gray, and each of them, in the county of King, state of Washington, on or about the 16th day of April A. D., 1929, and on divers days and dates thereafter to and including the 7th day of May A. D., 1929, willfully, unlawfully and feloniously did then and there open up, conduct and maintain a place for the unlawful sale of intoxicating liquor."

Each of the defendants was found guilty, and from judgment and sentence upon the verdicts against them, defendants Budreau and Gray appeal.

In their brief, appellants set forth twenty-five separate assignments of error, which for convenience may be grouped as follows:

(1) Those based upon alleged misconduct of counsel for the state.

(2) Those predicated upon rulings of the trial court on matters of evidence.

(3) Misconduct of the trial court.

(4) Those which raise the question of the sufficiency of the evidence to justify the verdict.

(5) Those which raise questions concerning rulings of the trial court, which appellants contend denied them rights secured to them by the state and Federal constitutions.

(6) Those based upon the instructions of the court.

(7) Errors assigned upon the overruling of appellants' motions in arrest of judgment and for a new trial.

■ In the first place, appellants contend that counsel for respondent, in opening the case to the jury, stated as facts portions of the evidence which the state expected to introduce, and did not confine herself to informing the jury as to what the state expected to prove. Counsel for the state commenced her address to the jury with the following words:

"I believe that the evidence in this case will show that at 1927½ First avenue is a rooming house, which I believe is known as the "Clare Rooms;" that on April 16, 1929, and on various dates after that, officers from the prohibition office went to this place and purchased intoxicating liquor, moonshine whisky."

This was entirely proper, and, while later, in the course of her remarks, counsel for the state failed to preface all her statements with similar phrases, her statement concluded with the words:

"I believe when we have shown you those facts we will be justified in asking you to bring in a verdict of guilty."

The only objection shown by the record to the opening statement for the prosecution is the following remark by appellants' counsel:

"We object to counsel telling the conversation between these people."

This objection goes rather to the subject-matter of that portion of the opening statement which immediately preceded the objection than to the form thereof,

and did not direct the attention of the court to the question now urged, that respondent's counsel was stating as facts what the state expected to prove by the evidence. We find no reversible error available to appellants in connection with the prosecutor's opening statement.

Another assignment of error based upon the conduct of the prosecuting attorney is the following: Counsel for the state, while cross-examining one of the appellants' witnesses, was asked by the court if by the cross-examination it was intended to show that the witness had testified differently under oath on some other occasion. Instead of answering this question in the affirmative, respondent's counsel replied, "Yes, he did." While the proper answer to the question propounded would have been a simple affirmative, it cannot be held that the answer as given constitutes reversible error.

The jury were properly instructed that they must find the defendants guilty upon the evidence alone. We find no reason for believing that they considered the statement of respondent's counsel as evidence. Appellants' counsel did not call attention to the possible import of the language used by counsel for the state, nor was any request preferred that the same be corrected, nor was objection thereto noted. If, on appeal, error is to be assigned upon such statements, the attention of the court should promptly be called thereto by the party complaining, in order that any erroneous impression that the jury may have received therefrom may be at once, as far as possible, corrected. A party cannot allow such an evident mistake to pass unchallenged, and on appeal contend that the same constitutes reversible error, entitling him to a new trial.

Appellants also complain of certain portions of the argument of counsel for the state, and contend

that the argument was improper and constitutes reversible error, for the reason that in her argument, as appellants view it, counsel contended that, as the evidence in the case at bar showed that appellants had been previously convicted of some offenses against the laws prohibiting the possession or sale of intoxicating liquor, such prior convictions constituted ground for believing that appellants were guilty of the offense for which they were then being tried, and that such prior convictions should be considered by the jury as evidence of present guilt. After interruption of the state's attorney by counsel for appellants, who objected upon the ground that counsel for the state was indulging in improper argument, the record shows that counsel for the prosecution proceeded with the argument as follows:

"You can't consider those convictions, and the state has mentioned the convictions against these three defendants—you can't convict them of this crime because they committed the other crimes. But he instructed that you have a right to consider those convictions on the question as to whether you are going to believe their testimony on the witness stand; in other words, as to whether that impeaches their credibility. If I do not mistake myself, one four times, one convicted four times and the other once; and all of them violations of the liquor law."

Granting that, from some portions of the argument of the prosecution, it might be considered that improper deductions were attempted to be drawn from the evidence of prior convictions, in view of the instructions of the court upon this and other kindred matters, and the statement of the prosecuting attorney above quoted, we are of the opinion that the record considered as a whole shows no reversible error in this particular.

The action was vigorously prosecuted and strenuously resisted. We find no other matter worthy of note

in appellants' remaining objections to the conduct of counsel for the state.

By the second group of errors urged by appellants, appellants contend, *inter alia,* that certain testimony given by one Garfield Long, a Federal prohibition agent, in this case a witness on behalf of the prosecution, should have been stricken as not responsive to the question answered, and the jury instructed to disregard the same. The witness had been asked to repeat a conversation between himself and the defendant Gray. Answering the question, the witness testified as to certain statements by appellant Gray, and then narrated some conversation between appellant Budreau and himself, which took place at the same time, whether or not in Gray's presence is not clear. While the witness was not asked as to conversations between appellant Budreau and himself, we find no prejudicial error in the ruling of the court denying appellants' motion to strike.

Appellants further complain of a ruling of the trial court in admitting in evidence two bottles which witnesses for the state testified contained moonshine whisky, and which had been delivered to Federal agents by defendant Sargent upon the premises in which the state contended appellants were maintaining a joint. Appellants' counsel objected to the admission of the evidence, for the reason that the witness stated that he had purchased them, but admitted that he had paid no money for them, the arrest having been made before the money for the liquor was turned over. The exhibits were properly admitted, and appellants' assignment of error based upon this ruling of the court is without merit.

On cross-examination of Federal agents Long and Murphy, who testified on behalf of the prosecution, appellants propounded questions to the witnesses as to

certain testimony given by the witnesses in other trials, appellants contending, as indicated by their argument to the court, that they were entitled to show on cross-examination of these two Federal officers that these officers had on some prior occasion taken some young girls with them to a road house and given the girls intoxicating liquor, thereby contributing to the delinquency of a minor. Appellants do not contend that the Federal officers had been convicted of any offense in connection with this matter, but simply that the officers had admitted, while testifying on another trial, that they had done the acts hereinabove mentioned. It is not contended that the officers, in procuring evidence against appellants, had used any female agents or associates whatsoever, or that the officers had in the past made a practice of following any such method of procuring evidence.

Contemptible and reprehensible as the employment of minors in obtaining evidence of violations of law in the course of which employment the minors are given intoxicating liquor to drink must be held to be, we cannot hold, upon the record before us, that, in sustaining the state's objection to the line of testimony offered, the trial court abused its discretion and committed reversible error.

Appellants contend that the trial court did not use its discretion in making the ruling last referred to, but was of the opinion that the decision of this court in the case of *State v. Gaffney,* 151 Wash. 599, 276 Pac. 873, was decisive, and that, under that decision of this court, the testimony sought to be elicited by appellants was inadmissible. Had appellants offered to prove that the government agents made it their habitual practice, in procuring evidence of the violation of the liquor laws, to take young girls to questionable resorts and ply them with liquor, or had they offered to prove that;

in procuring evidence against appellants, the Federal officers had used any such improper methods, a different question would be presented. From the record upon this question made by appellants in the case before us, it does not appear definitely whether or not appellants contend that, when witnesses Long and Murphy took the young girls to the road house, they were seeking evidence upon which to base prosecutions for violations of law. They might have been doing this, or they may have been simply amusing themselves. Whether or not the witnesses were guilty of any such conduct, we do not know. If they were, they merited condign punishment. That question is of course not before us. Upon the state of facts disclosed by the record, we hold in accordance with the opinion of this court in the case of *State v. Gaffney, supra,* that it does not appear that the trial court, in making the ruling complained of, abused its discretion, and that such ruling constitutes reversible error.

▪ Appellants urge that the trial court erred in permitting counsel for the state to propound leading questions over the objection of appellants. On one occasion, upon objection by appellants' counsel that a question was "absolutely worse than leading," which was followed by an explanation on the part of counsel for the state, that counsel said, "I will withdraw the question, and ask that the answer be stricken." In view of this compliance with appellants' objection, the particular question propounded, if objectionable at all, resulted in no prejudice to appellants.

We are unable to find any merit in appellants' contention that the rulings of the trial court upon objections by appellants' counsel, urging that other questions propounded by counsel for the state were leading, constitute reversible error. Some of the questions objected to were not leading, but were simply

directory, in that the attention of the witness was called thereby to certain specific matters, no answer being, however, suggested by the question; other questions were possibly somewhat leading, but it cannot be held that the trial court, in passing upon appellants' objections thereto, in the exercise of its discretion, and of that measure of control of a long, hard-fought action which is necessarily vested in a trial court, committed reversible error.

■ Appellants contend that the trial court itself participated in the trial on behalf of the state, commented upon the testimony of certain witnesses and discussed the same, and indulged in some conversation with a witness for the prosecution, which appellants contend must have tended to indicate to the jury that the court and the witness were friends, and thereby caused the jury to give undue weight to the testimony of that witness. In regard to the first of these objections, the record discloses that on two or three occasions the court propounded a question to a witness for the prosecution. These questions were neither leading nor suggestive, nor do we find any possible prejudice to the appellants therein. Appellants do not call our attention to any portion of the record showing that they objected to the action of the court in propounding these questions, nor do they show in what manner they contend that their rights were prejudiced thereby.

The court instructed the jury that they were the sole judges as to all questions of fact, and that by the constitution and laws of this state the court is prohibited from commenting on the facts. This instruction was full and complete, and we cannot presume that the jury disregarded the same or considered any of the remarks made by the trial court as disclosed by the record as comments upon the evidence. Appellants cite authori-

ties in which remarks of courts were held to be comments upon the evidence and reversible error. These authorities are sound, but we find nothing in the record in the case at bar which brings the same within the rule laid down by the cases upon which appellants rely.

In an affidavit by appellants' counsel, filed in support of appellants' motion for a new trial, it is stated that, on one occasion while the members of the jury were returning from their jury room and taking their seats in the jury box, the court "sat talking to, laughing with and fraternizing with the witness Murphy in the presence of the jury," and that this constituted error entitling appellants to a new trial, the same contention being urged here. The affidavit referred to is wholly insufficient to require reversal of the judgment appealed from and the granting of a new trial. According to the statements in the affidavit, any conversation between the court and the witness took place while the jury were returning to the box and not in the immediate presence of the jury, and it nowhere appears that appellants, either in the presence or absence of the jury, requested the court to correct by specific instruction any possible improper impression which the jury might have obtained, to the effect that any personal friendship existed between the court and the witness, and that therefore the jury might place undue reliance upon the testimony of such witness.

The affidavit upon which appellants base this assignment of error does not state facts sufficient to require this court to presume that the jury were improperly influenced by any acts of the trial court which took place while they were taking their places in the jury box upon the occasion mentioned in the affidavit. In order to require the reversal of a judgment entered upon the verdict of a jury and the granting of a new trial because of such conduct on the part of a trial

judge as we are now considering, a state of facts must appear from which this court should presume that substantial rights of the appellant were prejudiced, and that by the conduct of the trial court the appellant was prevented from having a fair and impartial trial. The affidavit of appellants' counsel, considered in connection with the instructions of the court, and other matters hereinabove referred to, is insufficient to support a holding by this court that the record before us requires the reversal of the judgment appealed from, upon the ground that any action of the trial court prejudiced the rights of appellants or prevented them from having a fair and impartial trial.

Appellants further contend that the trial court unduly limited their cross-examination of the state's witnesses. We have examined the many references to the statement of facts referred to under these assignments of error, but, considering the record as a whole, we are satisfied that the cross-examination of witnesses for the prosecution by appellants' counsel was not unduly restricted.

The record contains evidence which, if believed by the jury, was sufficient to support the verdicts finding the defendants guilty. We hold that no reversible error was committed by the trial court in rulings pertaining to the admission or exclusion of evidence.

Appellants argue in support of their next assignments of error that this court should hold that the evidence in the record is insufficient to sustain verdicts of guilty as to appellants, particularly as to appellant Gray, who, it is contended, according to the evidence, had only been seen around the "Clare Rooms" on a few occasions, he neither occupying a room there nor being a regular employee in and about the same.

The evidence in this case is extremely conflicting. That of appellants tended to prove that they were inno-

cent of the offense with which they stood charged. Had the jury believed appellants' evidence, verdicts in appellants' favor would undoubtedly have been returned. It is not for this court to determine disputed questions of fact, and we are constrained to hold that the verdicts of guilty as returned are supported by competent testimony, and that appellants' contentions that the verdicts against them are not supported by the record are not well taken.

In this connection, appellants also urge that, under the laws of this state prohibiting the sale or other unlawful disposition of intoxicating liquor as defined by such laws, appellants were improperly convicted of the offense with which they stood charged, that of maintaining a place for the unlawful sale of intoxicating liquor. We have examined the different sections of the original act making possession of intoxicating liquor, or the sale or other defined disposition thereof an offense, together with the different statutes amendatory thereof, including § 7328, Rem. Comp. Stat., defining the term "jointist," and we find no merit in appellants' contention that, under these different laws, any of their constitutional rights were violated in the trial of this action, either during the trial or by the court in its instructions.

Appellants complain of several of the instructions given by the trial court. Without considering the question of the sufficiency of appellants' exceptions to the instructions, we have read the instructions complained of, and are satisfied that no reversible error, of which appellants may now avail themselves, was committed by the trial court in giving the same.

Appellants seem to contend that the court erred in refusing to give certain requested instructions which appellants contend were proper and applicable and were timely submitted to the court as requested

instructions on behalf of appellants. From the record before us, bearing in mind the rules concerning the presentation of requested instructions and the requirement that proper exceptions be taken to the failure of the court to give requested instructions which are in fact proper and applicable, we are unable to hold that the record shows any reversible error in this regard.

Upon some question being raised as to whether or not the proper instruction on the burden of proof had been given, the court recalled the jury and gave them the proper instruction for their guidance upon that phase of the case.

Appellants urge that the trial court committed error in refusing to instruct the jury upon the question of entrapment, appellants claiming that under the evidence they were entitled to such an instruction, and that they seasonably requested an instruction upon this phase of the case. Under the testimony, appellants were not entitled to such an instruction, and the trial court did not err in failing to give the same.

Appellants earnestly argue that their motions for arrest of judgment and for a new trial should have been sustained, and that their appeal, at least in so far as their motion for a new trial is concerned, should prevail in this court. The trial court committed no error in denying appellants' motion for arrest of judgment. In the exercise of its sound discretion, that court also denied appellants' motion for a new trial. We find in the record nothing which we can hold as a matter of law required that appellants' motion for a new trial be granted, and in so far as the same was addressed to the discretion of the trial court, we find no abuse of that discretion in denying the same.

The judgment appealed from is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.