[No. 22966. Department One. March 31, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
COWLING, *Appellant*.[1]

*Frank E. Hammond,* for appellant.

*Robert M. Burgunder* and *Cordelia M. Thiel,* for respondent.

HOLCOMB, J.—The information in this case against both appellant and his wife, Maud Cowling, charges that they, and each of them, did, in King county, Washington, on May 13, 1929, and at divers dates thereafter to and including May 31, 1929, wilfully, unlawfully, and feloniously open up, conduct, and maintain a place for the unlawful sale of intoxicating liquor.

[1]Reported in 297 Pac. 172.

Both of the accused were convicted by the same jury, but a recommendation for leniency was made by the jury in the case of Mrs. Cowling, whereupon judgment against her was suspended, and only the present appellant appealed.

The record shows a previous trial upon the same information against both of the accused on March 5, 1930, upon which the jury disagreed.

The place conducted by appellant and his wife was maintained in a residential district, called the Green Lake district, in somewhat close proximity to the University district in Seattle.

Although there was a sharp conflict in the evidence as between that of the state, resting chiefly upon the testimony of Federal agents, and that of appellant, his wife, and character witnesses in their behalf, the evidence for the state was sufficient, having been accepted by the jury, to justify the convictions.

It will not be necessary to notice the evidence in the record except in connection with the errors urged by appellant. During the trial, a certain woman was called and testified as a character witness for appellant. She testified to something more than character evidence, having been asked by the attorney then conducting the defense of appellant what she had seen and not seen upon numerous visits to the home of appellant and his wife.

Appellant contends that the trial court erred in permitting the deputy prosecutor, conducting the prosecution, on cross-examination, to interrogate that witness as to whether or not she knew personally that the Cowlings were raided several times by the sheriff's office, and that Cowling had been arrested on two different occasions, and had been convicted for having liquor in his possession; that other people knew that; and that other people in the immediate neighborhood knew that

the Cowlings were selling liquor in that place. She was also asked whether or not she had seen Mrs. Cowling make beer, had seen them capping bottles, and had seen Cowling have little boys of the neighborhood capping bottles.

The only objection made to these questions and answers, after they had all been made, was by the then attorney for appellant in the following manner:

"Mr. Frye: Let us be fair. Miss Thiel: I am fair. The Court: I don't believe it is proper examination. Miss Thiel: On the question of reputation, Your Honor. The Court: No, I don't believe so. Miss Thiel: Then I will ask to withdraw the question and ask the jury to disregard the answers. The Court: That may be done as to the last two questions."

The last two questions referred to the making of beer and the capping of bottles.

Appellant argues that the court did not instruct the jury to disregard the questions, and that the questioning in itself upon such matters was prejudicial to appellant in the minds of the jury.

No motion was made by appellant to instruct the jury to disregard the questions alleged to have been prejudicial to appellant by his counsel. The ruling of the court referred to the questions. Those questions and answers were stricken by the prosecution itself and by the court. There was no wilful persistence in that line of cross-examination. No error therefore resulted which can be said to be manifestly prejudicial to appellant, at least in the absence of a motion to withdraw the same by appellant and for the jury to disregard the questions. See *State v. Budreau,* 156 Wash. 103, 286 Pac. 51.

Appellant also complains of cross-examination of a witness for the prosecution, who, during the period in question, was a student in the University, and who

testified to having procured beer at the house of appellant and his wife, but denied that he ever paid for any. Upon so testifying, counsel for the state immediately asked permission to cross-examine the witness on the ground of surprise. She then asked him if it were a fact that, in her office within the past week, he had told her that when he had beer to drink, the beer had been paid for. The witness asserted that he thought counsel was mistaken. She then asked whether he had not told her that over at the Cowling residence the beer that had been drunk had been paid for either by himself or the friend that went with him. The witness answered that he thought counsel was mistaken; that he had not said that it was paid for; that he did not remember that he had ever told counsel that such liquor had been paid for.

Another question was started by counsel for the state as follows: "Now, . . . don't you remember when you were talking about this, I said—." Counsel for appellant then started to object, when counsel for the state declared that she was taken by surprise by the witness, and had a right to cross-examine him. The court directed her to proceed. After interrogating the witness somewhat as to her conversation with him about University boys and girls, especially about University boys, going over to the Cowling home and drinking liquor, and about the boys paying for the liquor they drank, counsel started a further question as follows: "When I was talking to you about those boys going there, I said it is not reasonable to believe—." Thereupon counsel for appellant objected that counsel for the state was going too far; that she had no right to try to make a witness of herself of what she understood was going on there, or what others had told her was going on. The court then

sustained the objection, and no further questions along that line were asked.

It will be noted that, immediately upon counsel for appellant making the first objection to the line of cross-examination taken by counsel for the state with that witness, the court sustained the objection.

Waiving the point that error cannot be predicated upon evidence which has been introduced without objection, the situation above presented is very like that in *State v. Sills,* 113 Wash. 497, 194 Pac. 580. In that case one of the witnesses introduced by the state, who had previously signed an affidavit covering the details of his transaction, testified contrary to the affidavit. Thereupon, he was asked an impeaching question by the prosecutor, who then offered in evidence the affidavit. The witness ultimately testified in accordance with the statements contained in the affidavit. Error was claimed in permitting the state to impeach its own witness, upon which we said:

"Assuming, but not deciding, that a party can never impeach his own witness, and that he cannot prove the contradictory statements of his own witness to discredit him, a party may, as was done in this case, interrogate the witness in respect to previous statements inconsistent with the present testimony, for the purpose of probing the recollection of the witness, show the witness that he is mistaken, and give him an opportunity to explain the apparent inconsistency, especially where the party is surprised or deceived by the testimony."

See authorities there cited and quoted.

We conclude that there was no error in the cross-examination of the witness in question under the circumstances shown, in so far as it was permitted.

Appellant complains of the denial of a new trial by the trial court which was based on errors of

law, occurring at the trial, and upon insufficiency of the evidence to justify the verdict.

It having been determined that the errors of law were not sufficient to justify a disturbance of the verdict, neither can the insufficiency of the evidence, since the trial court, to whom is committed an almost entire discretion in that regard, passed upon it and denied the motion. We have so often held that the discretion of the trial court, in passing upon such ground of motion for a new trial, will not be disturbed, that citation of authority is needless.

■ The last error alleged is in denying a requested instruction on entrapment. It is argued that, since the evidence disclosed that one of the Federal agents had pretended to be a friend of a certain young University student, and inveigled himself into the confidence and friendship of appellant and his wife, by reason of which they became friends, and was welcome to their home at any time, the element of entrapment existed in this case.

We have established the principle in this state that it is not entrapment merely to furnish a person with an opportunity to commit the crime charged. *State v. Littooy,* 52 Wash. 87, 100 Pac. 170, 17 Ann. Cas. 292; *State v. Ragan,* 157 Wash. 130, 288 Pac. 218. Compare *State v. Budreau, supra.*

We find no error justifying reversal and the judgment is affirmed.

TOLMAN, C. J., MITCHELL, MAIN, and PARKER, JJ., concur.