[No. 38443. Department One. September 1, 1966.]

THE STATE OF WASHINGTON, *Respondent,* v. BENJAMIN MOORE, *Appellant.**

*Ralph L. Hawkins, Jr.* (of *Howe, Davis, Riese & Jones*) for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *J. Hartly Newsum,* for respondent.

KALIN, J.†—Appellant had been under surveillance by the Seattle Police Department on suspicion of being a narcotics peddler prior to and on February 16, 1965. On this date, Jack York, in the presence of officers, contacted the appellant by telephone and arranged to meet and purchase from appellant a quantity of isonepicaine, more commonly

*Reported in 417 P.2d 859.

†Judge Kalin is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

known as demerol. York was a decoy for the narcotics detail of the Seattle Police Department. He and appellant had met on previous occasions and appellant was aware that York was a narcotics user. On one occasion prior to February 16, 1965, appellant tried to get drugs for York, but it was morning and his source of supply was not yet available.

York was given some marked money and was taken to Bitt's Cafe where he met appellant. They were watched by a policewoman and an agent from the State Pharmacy Board who were seated nearby. Appellant at this time gave York two capsules of demerol and they arranged to meet later at Green's Cafe. Appellant met York at Green's Cafe and gave him a bottle of 24 pills of demerol in exchange for $25. This transaction was observed by a policewoman sitting next to York and the appellant.

Appellant admitted obtaining demerol for York, but contended it was because York told him he was ill, suffering from withdrawal, and wanted to take a cure. Appellant claimed he obtained demerol for York on this occasion because of his own misfortunes with narcotics, his sympathy for York's condition, and a deep religious conviction that it was in some way his duty to aid the unfortunate man. He maintained he was not in the business of selling narcotics and made no profit from the transaction. Appellant had been stopped and searched on several previous occasions by officers of the narcotics division.

In the preparation of the case, trial counsel spoke to appellant's parole officer and was told that a member of the narcotics division had requested the parole officer to keep appellant on probation and the police "would have something on him" in 60 days.

The parole officer was subpoenaed to appear at trial. On the day of trial, he called the court and asked to be excused because of illness. The court granted the request.

Appellant's counsel moved for a continuance or for a mistrial because of the absence of the witness. He made an offer of proof of the parole officer's testimony, arguing it was necessary for appellant's defense of entrapment.

The court denied the motion for the reason that the of-

fered testimony would be inadmissible, that a continuance should not be lightly given in the middle of a trial and that, if the testimony was admissible and given, it would not make any difference in the result.

Counsel for appellant could not tell the court who supposedly made the statement to the parole officer nor when the statement was made. The sale by appellant was made on February 16, 1965, and he was arrested on April 27, 1965.

Appellant assigns error to the court's refusal to grant a continuance or in the alternative for a mistrial because of the absence of the parole officer.

The defense of entrapment is available where the accused is lured or induced by an officer of the law or some other person, a decoy or informer, to commit a crime which he had no intention of committing. Such defense is not available where the criminal intent originates in the mind of the accused and the police officers, through decoys or informers, merely afford the accused an opportunity to commit the offense. *State v. Littooy,* 52 Wash. 87, 100 Pac. 170; *State v. Ragan,* 157 Wash. 130, 288 Pac. 218; *Seattle v. Gleiser,* 29 Wn.2d 869, 189 P.2d 967.

Our examination of the record here discloses nothing which indicates that appellant was lured or induced to commit a crime.

Appellant's argument that the testimony of the parole officer would prove entrapment is not tenable.

The appellant had no knowledge of what was said to the parole officer. Without such knowledge it cannot be said that it acted upon his mind, or overcame his will, and he was lured or induced into the commission of a criminal offense. The matters or facts which constitute the inducement must be communicated to the accused in some manner. The facts here indicate nothing more than a willing seller and a willing buyer.

The granting of a continuance during the course of a trial is directed to the sound discretion of the court, and it is not an abuse of discretion to refuse a continuance where the proffered testimony would not be likely to change the result, or would be inadmissible.

We held in *State v. Miles,* 168 Wash. 654, 13 P.2d 48, that it is not an abuse of discretion to deny a continuance for the reason that if the testimony had been given it would probably not have changed the result.

Judgment is affirmed.

ROSELLINI, C. J., HILL, HUNTER, and HALE, JJ., concur.