[No. 38675.    Department Two.    December 1, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. EARL L. MALONE, *Appellant*.*

*Sullivan, Guterson, LaRose & Rindal*, by *Frank L. Sullivan* (Appointed counsel for appeal), for appellant.

*Charles O. Carroll* and *David L. Scott*, for respondent.

PER CURIAM.—The defendant appeals from a judgment entered upon a jury verdict finding him guilty of a violation of the Uniform Narcotic Drug Act.

The defendant assigns as error the trial court's failure to require the state to reveal the name and identity of an informant used by the Seattle Police Department.

The facts upon which this assignment is predicated are clear. On the 17th of August, 1965, C. G. Sprinkle, a narcotics officer of the Seattle Police Department, received a telephone call from a party who had furnished information to the Seattle police narcotics officers over a period of at least 18 years. The informant had overheard a telephone conversation between Earl Malone, the defendant, and a party named Gladys. The informant told Detective Sprinkle that from this conversation she had learned that Gladys

*Reported in 420 P.2d 676.

was sending a friend with $30 to Mr. Malone's room at the Embassy Hotel to get two numorphan tablets that Gladys had ordered. Detective Sprinkle testified that he had not in any manner conspired with the informant to set up the transaction; that the call from the informant was completely voluntary and without any invitation from any member of the police department; and that the informant receives nothing in return for providing information.

Directly after receiving the call Detective Sprinkle drafted a note identifying the bearer as an agent from Gladys who was to buy the numorphan tablets. The note was given to Detective Taylor who went to the defendant's room in the Embassy Hotel and knocked on the door. Defendant opened the door and took Detective Taylor some 15 or 20 feet down the hall to the lavatory. When in the lavatory defendant examined the note and produced from his pocket two blue pills. Detective Taylor handed defendant some money and then placed him under arrest.

The defendant argues that he might have a defense of entrapment to the charge against him and that the informant might fail to corroborate the prosecution's testimony in regard to this defense. For this reason, it is contended, the trial court should have ordered the prosecution to divulge the name and identity of the informant.

█ Entrapment occurs only when the criminal design originates in the mind of the police officer and not with the accused; and the accused is lured or induced into committing a crime he had no intention of committing. *State v. Gray, ante* p. 432, 418 P.2d 725 (1966), and case therein cited.

The privilege of nondisclosure of the name of an informant in a criminal case is predicated upon the protection of the public interest. It is the obligation of citizens to communicate knowledge of crimes to officers charged with law enforcement. The privilege of nondisclosure is granted to preserve their anonymity and encourage them to disclose such knowledge to the officers. *State v. Massey,* 68 Wn.2d 88, 411 P.2d 422 (1966).

An accused is required to make a showing that the circumstances justify an exception to the privilege of non-disclosure. *State v. Driscoll,* 61 Wn.2d 533, 379 P.2d 206 (1963); *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 Sup. Ct. 623 (1957).

In the present case the record is barren of any facts which disclose even the possibility that the informant's testimony would be relevant to the defense of entrapment.

There is no merit to defendant's claim that exhibits five, six, seven, and eight were not properly identified.

The judgment is affirmed.