[No. 39223.     Department One.     August 24, 1967.]

The City of Seattle, *Respondent*, v. Louella Muldrew, *Appellant.**

*William F. Lockett*, for appellant.

*A. L. Newbould* and *Denny E. Anderson*, for respondent.

Denney, J.†—Appellant, Louella Muldrew, was charged in municipal court of the city of Seattle with the offense of willfully agreeing to commit an act of prostitution. She was convicted in municipal court and appealed to superior court where she was again convicted after trial to the court. She appeals, contending that her defense of entrapment should have been accepted by the trial court. She offered no evidence, so any evidence of entrapment must be found in the city's case. Its evidence showed that appellant was observed standing in front of the Roma Hotel in Seattle at 3:45 a.m., by a police officer dressed in civilian clothes and assigned to the vice squad. He inquired if appellant would like to attend a weekend party. She replied that the officer and his companion could not afford her company and she rejected an offer of $200. The officer and his companion

*Reported in 431 P.2d 589.

---

†Judge Denney is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

then left and returned a few minutes later and again encountered appellant who was still standing in front of the hotel. In answer to the officer's inquiry as to "how much it would cost for the action," appellant replied "twenty dollars." The officer and appellant entered the hotel, the officer paid for a room, paid appellant, and after appellant partially disrobed, placed her under arrest. The officer refused to comply with the appellant's request that he "give her a break."

■ While recognizing the defense of entrapment, we have consistently held that to be successfully invoked, the criminal design must originate in the mind of the police officer and not with the accused; and the accused must be lured or induced to commit a crime she had not intended to commit. If the crime originates in the mind of the accused, an officer may, when acting in good faith, make use of deception. *State v. Curry,* 70 Wn.2d 383, 422 P.2d 823 (1967); *State v. Malone,* 69 Wn.2d 872, 420 P.2d 676 (1966); *State v. Gray,* 69 Wn.2d 432, 418 P.2d 725 (1966); *State v. Moore,* 69 Wn.2d 206, 417 P.2d 859 (1966); *Seattle v. Gleiser,* 29 Wn.2d 869, 189 P.2d 967 (1948); *State v. Cowling,* 161 Wash. 519, 297 Pac. 172 (1931).

The testimony demonstrates that the officer did no more than afford appellant an opportunity to commit the crime. This is not entrapment. The trial court was fully justified in concluding that the crime originated in the mind of appellant, that she was plying her trade while standing in front of the hotel in the early hours of the morning and that the officer merely gave her an opportunity to conclude the offense.

The judgment of the trial court is affirmed.

FINLEY, C.J., WEAVER, HAMILTON, and HALE, JJ., concur.