[Nos. 39928, 40039.   Department Two.   January 23, 1969.]

THE CITY OF SEATTLE, *Respondent,* v. MARIE EVANS, *Appellant.**

*Moschetto & Alfieri,* by *Michael R. Alfieri,* for appellant.

*A. L. Newbould* and *Richard H. Wetmore,* for respondent.

*Reported in 450 P.2d 176.

HUNTER, C. J.—The following appeals were taken from two separate convictions of violating the city of Seattle's prostitution ordinance. On two separate occasions the defendant Marie Evans was found guilty of prostitution by the Seattle Municipal Court. Both convictions were appealed to the King County Superior Court but were affirmed after trial de novo, by a judge sitting without a jury. The defendant now appeals to the Supreme Court of Washington.

In the first case, Officer Martin of the Seattle Police Department followed the defendant on July 12, 1967, for approximately four blocks in Seattle's "China Town" until he asked her if he had to follow her all over town to talk to her. The defendant accused the officer of being a "cop" and stated that she did not wish to talk to him, but after he produced some identification showing that he was an insurance company representative she asked him if he was looking for a date. He replied affirmatively. She then asked Officer Martin how much he had to spend and he replied $15 or $20. The defendant then directed the officer to obtain a room in a hotel which was across the street from where they were standing. Officer Martin procured a room and was joined by the defendant. After entering the room, certain conversation followed in which the defendant told the officer that the price was $20. He thereupon arrested the defendant.

On July 20, 1967, the defendant was found guilty as charged in the Seattle Municipal Court, and sentenced to pay a fine of $300 and to serve 90 days in the city jail, 60 days of which were suspended. She appealed to the superior court and after trial de novo on September 21, 1967, the trial court, sitting without a jury, found her guilty. Findings of fact and conclusions of law were entered on September 29, 1967, and the defendant was sentenced to serve 60 days in city jail. The defendant thereafter filed notice of appeal to this court.

The second case involving the same defendant took place on August 24, 1967. Officer Nelson of the Seattle vice squad

was working in the same area (China Town) when the defendant approached the officer and asked him where he was going. Upon learning that he was going to have a beer, she asked if she could accompany him and he acquiesced. The defendant then asked the officer if he was looking for a date to which he replied affirmatively. A $20 price was agreed upon and the officer was directed to a hotel where the defendant later joined him. They entered the room and she started to undo her garters. Officer Nelson asked her if she wanted the money at this point, and on receiving an affirmative response, he produced a badge and placed the defendant under arrest.

On September 7, 1967, in Seattle Municipal Court, the defendant was found guilty of agreeing to commit an act of prostitution and was sentenced to pay a fine of $300 and to serve 90 days in the city jail, 30 days of which were suspended. She appealed to superior court, and, after trial de novo before a court sitting without a jury, was found guilty. Findings of fact and conclusions of law were entered on December 8, 1967, and the sentence of the municipal court was reimposed. Thereafter, the defendant gave notice of appeal to this court.

The defendant contends that the circumstances of her arrest, in both instances, constituted an entrapment, and that therefore her convictions should be reversed.

With respect to the July incident, the defendant argues that the officer pursued her; and that he persisted in his efforts to induce her to give him a date which she repeatedly refused and rejected. The defendant argues that the intent to commit prostitution did not originate in her mind, but rather, she was lured and induced to commit a crime she clearly had no intention of doing.

The defendant employs substantially the same argument in reference to the August arrest. She argues that despite the fact that she was first to speak on this occasion, the officer induced her to commit the crime when he invited her to accompany him for a beer.

The general rule of law on entrapment was stated

by this court in *State v. Moore*, 69 Wn.2d 206, 417 P.2d 859 (1966), at 208:

> The defense of entrapment is available where the accused is lured or induced by an officer of the law or some other person, a decoy or informer, to commit a crime which he had no intention of committing. Such defense is not available where the criminal intent originates in the mind of the accused and the police officers, through decoys or informers, merely afford the accused an opportunity to commit the offense. (Citations omitted.)

It must be pointed out that the defendant's argument that the criminal design originated in the minds of the police is untenable for the reason that the trial court in each case specifically found that the defendant was not lured or enticed to agree to commit the crime.

The findings of fact in the first case stated:

> The actions of Officer Martin were such as to merely furnish the defendant with the opportunity to commit the offense of agreeing to commit an act of prostitution. The defendant was in no way lured, enticed, inveigled or induced by Officer Martin to offer or agree to commit an act of prostitution. The idea of committing the offense in question did not originate in the mind of Officer Martin and at all times herein mentioned the defendant, Marie Evans, was prepared to agree to commit an act of prostitution with the first acceptable customer she happened to encounter.

The findings of fact in the second case are similar:

> The acts of Officer Nelson as described in the foregoing Findings of Fact were such as to merely furnish the defendant with the opportunity to commit the offense of agreeing to commit an act of prostitution. The defendant was in no way lured, enticed, inveigled or induced by Officer Nelson to offer or agree to commit an act of prostitution.

The defendant has not assigned error to either of these findings of fact. Thus, "they become the established facts of the case." *State v. Mercy*, 55 Wn.2d 530, 348 P.2d 978 (1960); *Lewis v. Scott*, 54 Wn.2d 851, 341 P.2d 488 (1959).

In view of the law on entrapment and the evidence of this record, we find no grounds for reversal of either conviction. There is nothing in the record of the first case to indicate that the police officer induced the defendant to agree to commit an act of prostitution other than a showing that the initial contact was made by the officer; which, of itself, is insufficient to constitute entrapment. See *State v. Moore, supra; Seattle v. Muldrew,* 71 Wn.2d 903, 431 P.2d 589 (1967). Contrary to entrapment, that record supports the conclusion that the defendant had the requisite criminal intent to agree to commit an act of prostitution with anyone who satisfied her that he was not a police officer. The record of the second ·case is entirely devoid of any showing of an inducement by the police officer.

We find that the evidence shows that the defendant, in both instances, simply took advantage of opportunities afforded by the officers to commit the offenses she intended to commit. We hold that there was no entrapment in either instance.

Both convictions are affirmed.

HILL, FINLEY, and HAMILTON, JJ., and POYHONEN, J. Pro Tem., concur.