[No. 40997. Department One. March 26, 1970.]

THE CITY OF SEATTLE, *Respondent,* v. GOVITA L. ROSS, *Appellant.**

*Jack E. Tanner,* for appellant.

*A. L. Newbould* and *Richard H. Wetmore,* for respondent.

PER CURIAM.—Govita L. Ross, the appellant here, was found gulity of a violation of Seattle Ordinance 73095, § 1, which provides in part: "It shall be unlawful to commit or offer or agree to commit any act of prostitution . . ."[1]

The appellant contends that words alone cannot constitute a crime, and that there must be an overt act by the person charged with the crime to complete the crime charged.

The arresting officer (assigned to the "vice squad" and in civilian clothes) testified that appellant accosted him on the street at 2 a.m.; told him that "a date" would cost $20; got into his car and directed him to a certain house; led him into the house, and into a room upstairs.

As to what followed we quote the officer's testimony:

She asked me for the twenty dollars and I says, "Is this for a lay?" and she replied yes. I gave her the twenty

*Reported in 467 P.2d 177.

[1] Originally found guilty in the Seattle Municipal Court and sentenced to pay a fine of $300 and to serve 90 days in the Seattle City Jail. She appealed to the superior court and after a trial de novo, was found guilty by a jury, and the trial judge imposed the same sentence. This appeal followed.

dollars. She took off her coat and she says, "For ten dollars more I will give you a hell of a lay."

At this juncture the officer revealed his identity, and placed the appellant under arrest.

His testimony, if believed by the jury, was certainly sufficient to establish that appellant had offered or agreed to commit an act of prostitution. *Seattle v. Evans,* 75 Wn.2d 225, 450 P.2d 176 (1969)[2]; *Seattle v. Muldrew,* 71 Wn.2d 903, 431 P.2d 589 (1967).

While in this case the officer testified to numerous overt acts culminating in the acceptance of $20 in addition to the language used, there is authority that words alone are sufficient to establish the offense of offering or agreeing to commit an act of prostitution. Florida has a statute (F.S.A. 796.07) which provides:

(3) It shall further be unlawful in the state:
(a) To offer to commit, or to commit, or to engage in, prostitution, lewdness or assignation.

■ The District Court of Appeals of Florida (Second District) has held: "Under this statute, the mere act of offering to engage in sexual intercourse for a consideration is a violation of law. No overt act is required to complete the offense." *Pauline v. Lee,* 147 So. 2d 359, 362 (Fla. 1962).

Against this background of the evidence and the law we find no support for the assignment of error relating to the insufficiency of the evidence, or the assignment of error based on the trial court's refusal to grant a new trial where the sole ground urged was: "the verdict was contrary to the law and the evidence".

The only other assignment of error related to the giving of three instructions. Since these instructions are not "set out in the brief in full" as required by our Rules on Appeal I-43, this assignment of error will not be considered. *State v. Gregory,* 73 Wn.2d 537, 439 P.2d 400 (1968); *State v.*

---

[2]The *Evans* opinion covers two separate cases, one a conviction for prostitution, and the second a conviction for "agreeing to commit an act of prostitution". *Seattle v. Evans,* 75 Wn.2d 225, 450 P.2d 176 (1969).

*Badda,* 68 Wn.2d 50, 411 P.2d 411 (1966) and cases cited therein.

The judgment is affirmed.