[No. 288-1.    Division One—Panel 2.    July 13, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID M. SUTHERLAND, *Appellant.*

21

*David L. Scott,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney, Chris Bell* and *Patricia G. Harber, Deputies,* for respondent.

UTTER, J.—Appellant, David M. Sutherland, appeals from a conviction of rape. He contends the denial of his motions for continuance prevented his counsel from having time to adequately prepare for trial, and he was, therefore, denied effective assistance of counsel. *State v. Cory,* 62 Wn.2d 371, 373, 382 P.2d 1019 (1963); *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963).

There are two issues presented on appeal: (1) Whether, in a case where the granting or denying of a continuance may operate to deprive one of a constitutionally guaranteed right to counsel, the scope of appellate review is broader than the traditional "abuse of discretion" test, and (2) if the appellate court does apply the "abuse of discretion" test, did the trial court abuse its discretion by denying Sutherland's motion for continuance?

We hold, even though the constitutional right to effective assistance of counsel is involved, the test to be applied is whether there was abuse of discretion, and we find no abuse of discretion in this case.

The granting or denying of a motion for continuance rests within the sound discretion of the trial court, and the trial court's ruling will not be disturbed unless an abuse of discretion is shown. *State v. Miles,* 77 Wn.2d 593, 464 P.2d 723 (1970). Discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, it cannot be said the

trial court abused its discretion. *Rehak v. Rehak*, 1 Wn. App. 963, 465 P.2d 687 (1970).

▮ Sutherland contends, however, the denial of his motions for continuance operate to deprive him of the constitutionally protected right to effective assistance of counsel, and thus a broader scope of appellate review is required. We cannot agree. In a criminal case constitutional issues are raised where it can be said denial of a continuance deprived the defendant of a fair trial. There is, however, no mechanical test for deciding when denial of a continuance is violative of due process, and the answer must be found in the circumstances present in the particular case. *State v. Cadena*, 74 Wn.2d 185, 443 P.2d 826 (1968). The trial court has already considered all the circumstances and concluded the continuance should be denied. Some may, under these circumstances, have granted the continuance; however, because something is arguable does not mean it is unconstitutional. *Ungar v. Sarafite*, 376 U.S. 575, 11 L. Ed. 2d 921, 84 S. Ct. 841 (1964). Inasmuch as the ruling on the continuance was a discretionary matter, it can be disturbed only if no reasonable man considers the ruling correct.

Sutherland's trial was originally set for May 1, 1969. He had retained David L. Scott as counsel. Mr. Scott prepared for and attended the preliminary hearing. Mr. Scott, at this time, had the opportunity to cross-examine the state's two principal witnesses. Sutherland was released on bond, and, after his initial consultations with counsel, could not be located. Mr. Scott, unable to locate Sutherland, ceased preparation and, when Sutherland did not appear for trial, withdrew as counsel.

Sutherland was thereafter located and a new trial was set for November 6, 1969. Irving C. Paul, Jr., was appointed as counsel. After some initial preparation, Mr. Paul became ill. On October 28, 1969, Roger W. Johnson, Mr. Paul's law partner, moved orally for a continuance. The motion was denied, and the court appointed both Mr. Scott and Mr. Johnson to replace Mr. Paul as Sutherland's counsel. Shortly after his appointment, Mr. Scott also orally moved

for a continuance urging as grounds lack of time between the day counsel was appointed and the day of trial to locate witnesses, lack of time to locate and obtain medical evidence crucial to defendant's case, and lack of time in all other regards to prepare adequately for the case. This motion was also denied.

At the time it ruled on the motion for continuance, the trial court had before it a situation in which counsel were appointed 7 days prior to the second trial. One of the appointed counsel, Mr. Scott, had originally been retained by Sutherland and had been present at the preliminary hearing, with an opportunity to cross-examine the state's principal witnesses. The second appointed counsel, Mr. Johnson, was the law partner of Mr. Paul who was originally appointed to represent Sutherland at the second trial. Mr. Johnson presumably had access to the preparation which had been done by Mr. Paul. The motions for continuance were not supported by an offer of proof or an affidavit stating what the additional witnesses might testify (RCW 10.46.080; see *State v. Kearney*, 75 Wn.2d 168, 449 P.2d 400 (1969)), nor was there any indication the additional testimony would change the results of this case (see *State v. Moore*, 69 Wn.2d 206, 417 P.2d 859 (1966)).

In addition to these considerations, counsel for the codefendant indicated he did not wish a continuance, and the state's two principal witnesses resided in Norway and Denmark and had already made arrangements to be present a second time. In view of the above circumstances, we cannot say the trial court abused its discretion in denying Sutherland's motions for continuance.

The judgment is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.

Petition for rehearing denied October 15, 1970.

Review denied by Supreme Court November 25, 1970.