146 P.3d 442 (2006)
In re the DETENTION OF Daniel L. BEDKER, Jr., Appellant.
No. 57060-9-I.
Court of Appeals of Washington, Division 1.
July 31, 2006.
Publication Ordered September 11, 2006.
SCHINDLER, A.C.J., BECKER and ELLINGTON, JJ.
*443 PER CURIAM.
¶ 1 Daniel Bedker appeals his civil commitment as a sexually violent predator (SVP) under chapter 71.09 RCW. He contends the trial court erred in allowing the State's expert witness to testify that Bedker suffered from a mental abnormality. We disagree and affirm.

FACTS
¶ 2 In 1983, Bedker was convicted of simple assault for the sexual assault of a five-year-old. In 1988, Bedker was convicted of two counts of third degree statutory rape involving two fifteen-year-old girls. In 1990, Bedker was convicted of statutory rape and first degree rape of a child for sexual assaults against a four-year-old. In 2003, as Bedker neared the end of his term of imprisonment, the State filed a petition for Bedker's involuntary civil commitment as a sexually violent predator under RCW 71.09.
¶ 3 Before trial, Bedker filed a motion to preclude the State's expert psychologist, Dr. Amy Phenix, from testifying about whether Dr. Bedker suffers from a mental abnormality. Bedker claimed Phenix's testimony would be an impermissible expert opinion on a legal conclusion. The trial court analogized the testimony to an expert's properly offered opinion on a defendant's sanity in a criminal case and denied the motion. At the trial, Dr. Phenix testified that in her opinion Bedker suffered from the mental abnormality of pedophilia. Bedker presented its own expert psychologist, Dr. Theodore Donaldson, who testified that in his opinion there was insufficient evidence to show Bedker suffered from a mental abnormality. The jury found that Bedker was a sexually violent predator. Bedker appeals.

DECISION
¶ 4 Bedker contends the trial court abused its discretion in admitting Dr. Phenix's opinion that he suffered from the mental abnormality of pedophilia. The trial court has wide discretion to determine admissibility of evidence. We reverse only when there has been an abuse of discretion. State v. Rivers, 129 Wash.2d 697, 709-10, 921 P.2d 495 (1996). There is an abuse of discretion only where no reasonable person would adopt the trial court's view. State v. Sutherland, 3 Wash.App. 20, 21, 472 P.2d 584 (1970).
¶ 5 Citing State v. Olmedo, 112 Wash. App. 525, 49 P.3d 960 (2002), Bedker contends that Dr. Phenix's testimony constituted an inadmissible legal conclusion, analogous to an expert in a criminal case offering an improper opinion on guilt. "Improper legal conclusions include testimony that a particular law applies to the case, or testimony that the defendant's conduct violated a particular law." Olmedo, 112 Wash.App. at 532, 49 P.3d 960 citing Hyatt v. Sellen Constr. Co., Inc., 40 Wash.App. 893, 899, 700 P.2d 1164 (1985). This case, however, is unlike Olmedo, in which an expert testified that certain storage tanks were illegal under standards set by the Department of Transportation. Dr. Phenix did not express an opinion that Bedker met the statutory definition of a "sexual predator," which would indeed be improper because it addresses the ultimate legal question of whether a respondent in a sexual predator proceeding should be committed. See In Re Aqui, 84 Wash.App. 88, 100, 929 P.2d 436 (1996).
¶ 6 Whether Bedker suffered from a mental abnormality within the meaning of the statute was a necessary element of a determination that he is a sexual predator. Expert opinion testimony, however, is not objectionable simply because it "embraces an ultimate issue to be decided by the trier of fact." ER 704. Expert opinion testimony may encompass ultimate issues of fact if it is "otherwise admissible" and satisfies the requirements of ER 403 and ER 702. City of Seattle v. Heatley, 70 Wash.App. 573, 579, 854 P.2d 658 (1993).
¶ 7 Evidence Rule 702 provides that if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Accordingly, if an opinion lacks proper foundation or is not *444 helpful to the trier of fact, it is not admissible. And an otherwise admissible opinion may be excluded under ER 403 if it is confusing, misleading, or if its probative value is outweighed by the danger of unfair prejudice. Heatley, 70 Wash.App. at 579, 854 P.2d 658. But "testimony that is not a direct comment on the defendant's guilt or on the veracity of a witness, is otherwise helpful to the jury, and is based on inferences from the evidence is not improper opinion testimony." Heatley, 70 Wash.App. at 578, 854 P.2d 658.
¶ 8 Whether testimony is an impermissible opinion on guilt depends on the particular circumstances of each case. Heatley, 70 Wash.App. at 579, 854 P.2d 658. We accord broad discretion to a trial court in determining the admissibility of ultimate issue testimony. Heatley, 70 Wash.App. at 579, 854 P.2d 658. "[T]his court has expressly declined to take an expansive view of claims that testimony constitutes an opinion on guilt." Heatley, 70 Wash.App. at 579, 854 P.2d 658.
¶ 9 Contrary to Bedker's claim, Dr. Phenix's testimony was not merely limited to conclusory language, and, in the context of this proceeding, could reasonably be regarded by the trial court as helpful to the jury. "Mental abnormality" is defined by the sexual predator statute as "a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to the commission of criminal sexual acts in a degree constituting such person a menace to the health and safety of others." RCW 71.09.020(8). Determining whether a particular person possesses such a condition is based upon the complicated science of human psychology and is beyond the ken of the average juror. Cf. State v. Crenshaw, 27 Wash.App. 326, 617 P.2d 1041 (1980), affirmed, 98 Wash.2d 789, 659 P.2d 488 (1983) (no abuse of discretion to admit expert opinion on defendant's sanity at the time of the commission of a crime). Bedker was free to challenge Dr. Phenix's credibility, qualifications and the basis for her opinion, and did so. We also note that Bedker's expert, Dr. Donaldson, also testified that in his opinion there was insufficient evidence that Bedker suffered from a mental abnormality, and like Dr. Phenix, did not merely state his opinion, but supported his opinion with his training, experience and the available data about Bedker and his condition.
¶ 10 The trial court did not abuse its discretion by admitting Dr. Phenix's opinion testimony.
¶ 11 We affirm.