[No. 1344-2.   Division Two.   March 27, 1974.]

THE STATE OF WASHINGTON, *Petitioner,* v. LARRY JAMES McCOY, *Respondent.*

*John C. Merkel, Prosecuting Attorney,* and *Ronald A. Franz, Deputy,* for petitioner.

*William Fraser,* for respondent.

PEARSON, C.J.—During the trial of defendant, Larry James McCoy, on charges of possession of a controlled substance, the trial court ordered the state to disclose the identity of a secret informer. The state applied for a writ of certiorari to have the disclosure order reviewed. The state represented in its petition that the order could not be carried out without violating a confidence promised by the police to the informer, and that the state would seek dismissal of the case in the event disclosure was compelled.

 Because of this representation we reluctantly stayed the trial for 1 week to consider the merits of the petition. *State v. Whitney,* 69 Wn.2d 256, 418 P.2d 143 (1966). *See Bushman v. New Holland Division,* 83 Wn.2d 429, 518 P.2d 1078 (1974).

At the conclusion of oral argument on the petition, we ruled against the writ on the merits and entered a notation order denying the petition and remanding the case for a continuation of the trial.

The question raised by the petition is whether or not the state waives the privilege against disclosure of the identity of a secret informer by eliciting from its witness the sub-

stance of a communication made by the informer to the police. This is a question of first impression in this state and is likely to arise again. To avoid the undesirable consequences of interrupting any other trials in progress, we determined that a written opinion should be filed, settling the question for future guidance of the bench and bar.

The context of the trial court's order of disclosure was as follows: During the state's case in chief, a detective for the Bremerton police was called as a witness. On direct examination the officer testified that he had received a telephone call at approximately 12:30 a.m. on the night of the arrest from a known informer who had supplied information to the police in the past. Without any objection from defense counsel, the following questions and answers went before the jury.

> Q [By Ronald A. Franz, Deputy Prosecuting Attorney] Just briefly, what did the individual advise you?
> A [By Detective R. Wes Henry, Jr.] I was advised that there would be a subject in a tan '55, '56 station wagon; that the subject was a Larry J. McCoy; that he had no driver's license; and that he would be in possession of a quantity of marijuana and hashish; and that he would be, in a very short time, traveling north across the Warren Avenue Bridge to his residence on Clare Avenue.
> Q Now, you indicated that you had known this person before?
> A Yes, sir.
> Q Had this individual supplied you any information in the past?
> A Yes, he had.
> Q Just briefly, what sort of information had this person supplied you?
> MR. FRASER [Defense Counsel]: I'm going to object. I don't
> . . .
> THE COURT: The objection will be sustained.

Evidence later elicited by the state confirmed the substance of the hearsay statements of the informer in substantial detail. Defendant was stopped while driving the described vehicle (owned by a third person) and the car

did contain the marijuana and hashish, which constituted the basis of the charge.

On cross-examination of Officer Henry, defense counsel sought to elicit the name of the informer. The state objected. After extensive argument out of the presence of the jury, the trial court overruled the objection. At this point the state applied to this court for a writ of certiorari. The state contended in its petition that the order of disclosure was in violation of RCW 5.60.060(5), which provides:

The following persons shall not be examined as witnesses:

. . .

(5) A public officer shall not be examined as a witness as to communications made to him in official confidence, when the public interest would suffer by the disclosure.

Furthermore, the state contends the order of disclosure was in violation of CrR 4.7(f)(2), which provides:

Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe upon the constitutional rights of the defendant. Disclosure of the identity of witnesses to be produced at a hearing or trial shall not be denied.

The state concedes, however, that the hearsay evidence elicited from Officer Henry was not directly relevant to any issue in the case, since the question of probable cause to arrest defendant had been determined in the state's favor in a pretrial suppression hearing. The only reason advanced by the state for introducing the evidence was to enhance Officer Henry's credibility and show the jury why the police stopped the vehicle driven by defendant under the existing circumstances.

The trial court advanced two grounds for its ruling: first, that the state had waived the privilege afforded by RCW 5.60.060(5) by unnecessarily inquiring into the privileged matter; and second, where the hearsay evidence came before the jury as substantive evidence bearing on defendant's guilt, defendant's Sixth Amendment right of confron-

tation would be abridged were defendant not allowed the right to cross-examine into the source of the hearsay. *See* CrR 4.7(f)(2). We agree with the trial court that the state waived its privilege. Accordingly, the writ should be denied.

■ The public policy favoring the privilege against disclosure of an informant who furnished information to the police has been thoroughly considered previously. *State v. White,* 10 Wn. App. 273, 518 P.2d 245 (1973); *State v. Driscoll,* 61 Wn.2d 533, 379 P.2d 206 (1963); *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957).

In making a determination whether or not to order disclosure, the public interest in protecting the flow of information to law enforcement agencies must be balanced against the individual's right to prepare his defense. *Roviaro v. United States, supra.*

As the above cases make clear, the state's privilege of nondisclosure is by no means absolute, but must give way where the trial court is satisfied, upon a balancing of factors, that the necessities of the defense militate against the interests of the state.

In light of the conditional nature of the privilege, no good reason appears why it may not be waived by the state. It is worthwhile to note that testimonial privileges in general may be waived, although those commonly recognized by the courts (*e.g.,* the attorney-client privilege, the husband-wife privilege, etc.), are not conditional in nature, nor subject to a "balancing test" to determine their applicability in any given situation. *See* R. Meisenholder, Wash. Prac. § 181 *et seq.,* § 201 *et seq.* (1965). It follows that the state's less absolute privilege of nondisclosure, circumscribed as it is by considerations of fairness to the defendant, may be waived by the state when it inquires on direct examination into the substance of an unidentified informant's information.[1]

---

[1] An analogous situation exists when the state produces the informer at trial and attempts, under color of the privilege, to prevent the

While there is a paucity of case law concerning this question, waiver was held to be an applicable doctrine in *United States v. Schneiderman,* 106 F. Supp. 731 (D.C. Cal. 1952). In that case, which involved a prosecution for subversive activities, the government produced a witness who testified from various reports that he had prepared. Certain of the reports related to Communist Party meetings which the witness had attended. He was asked by the government to name those present. The defense moved for production of the reports; the government resisted on the grounds that disclosure of one report in particular would reveal the identity of one or more confidential informants. The court said:

> The only confidential informants whose identity might be revealed through public disclosure of the reports sought by the defense at bar are those asserted by the witness to have attended Communist Party gatherings. Yet on direct examination the witness himself was asked by the Government to name the persons present. Presumably if the witness' memory served him, any confidential informants present have already been named. If not, the Government's interrogation of the witness as to the event must be held a waiver of the right to invoke the public policy favoring protection from disclosure of the identity of any informant who may have been among persons present.

*United States v. Schneiderman, supra* at 737.

In our opinion the trial court correctly concluded that the state waived its privilege of nondisclosure by interrogating the witness as to the substance of the informer's statements, and therefore properly ordered disclosure.

■ While this conclusion is dispositive of the case, we deem it appropriate to comment on the question of whether the defendant's Sixth Amendment right to confront the

---

defendant from eliciting the witness' true name. The actual production of the informant might be characterized as waiver of the privilege. It has been said, however, that the privilege simply is not involved in such a case, and the witness must reveal his name. *Smith v. Illinois,* 390 U.S. 129, 19 L. Ed. 2d 956, 88 S. Ct. 748 (1968). *See* CrR 4.7 (f) (2).

witnesses against him would by itself compel a disclosure of the informant's name under the facts of this case. The confrontation clause requires generally that the prosecution produce any available witness whose declarations it seeks to use in a criminal trial. *California v. Green,* 399 U.S. 149, 26 L. Ed. 2d 489, 90 S. Ct. 1930 (1970). (*See also* concurring opinion of Harlan, J.) While the Supreme Court in *California v. Green* took pains to refrain from "constitutionalizing" the law of hearsay, we regard it as significant in this case that the defendant could clearly have excluded the informant's "testimony" on hearsay grounds. Indeed, all of the circumstances of this case suggest a knowing decision on the part of defense counsel to waive objection to the introduction of the out-of-court declarations. On these facts, the defendant must be deemed to have foregone his confrontation clause protections with respect to these declarations.

The order of the trial court requiring disclosure of the informant's identity is affirmed, and the petition for a writ of certiorari is dismissed.

PETRIE and ARMSTRONG, JJ., concur.