# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56115-8-II |
| Respondent, | |
| v. | |
| THEOTIS LENDELL MOORE, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Theotis L. Moore filed a CrR 7.8 motion seeking relief pursuant to *Blake*.[1] At the hearing addressing Moore's motion, the trial court vacated Moore's conviction for possession of a controlled substance pursuant to *Blake* and removed 1 point from Moore's offender score. The trial court also added a point to Moore's offender score for a prior federal felon in possession of a firearm conviction that had not been previously brought to the court's attention nor included in Moore's previously calculated offender score. Moore appeals the trial court's order to the extent the trial court added 1 point to Moore's offender score for a prior federal conviction.

Moore argues that remand is required because the trial court erroneously added a point to the offender score for a prior federal conviction without conducting a comparability analysis.

---

[1] *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021) (holding that convictions for possession of a controlled substance under RCW 69.50.4013 were constitutionally void).

No. 56115-8-II

Moore also argues that the $200 criminal filing fee imposed on him during the resentencing should be stricken because he is indigent. Additionally, Moore raises two issues in his statement of additional grounds (SAG).[2]

The State failed to prove the existence of Moore's federal felon in possession of a firearm conviction, and the trial court failed to enter any amended judgment and sentence to allow us to conduct an appellate review of the basis for the additional point to Moore's offender score. Therefore, we reverse the trial court's offender score calculation and remand to the trial court to enter an appropriate amended judgment and sentence with Moore's complete criminal history, proven by a preponderance of the evidence.[3]

FACTS

In 2017, Moore was convicted of unlawful possession of a controlled substance with intent to deliver (count I), unlawful possession of a controlled substance (count II), and unlawful possession of a firearm (count III). Moore's Statement of Prior Record and Offender Score included a 2005 federal conviction for possession of cocaine with intent to distribute, which added 1 point to his offender score.[4] Therefore, based on an offender score of 3, the trial court sentenced Moore to 120 months' total confinement. The trial court also imposed $800 of legal financial obligations (LFOs) on Moore, $200 of which was a criminal filing fee.

---

[2] RAP 10.10.

[3] Because we remand for resentencing, we do not address the criminal filing fee issue. The parties may raise the criminal filing fee issue on remand.

[4] Moore's prior convictions also included a 2013 misdemeanor conviction for possession of drug paraphernalia and two convictions for possession of cocaine that had washed out. Therefore, none of these prior convictions were used to calculate Moore's offender score.

Moore appealed his convictions and sentence. In 2019, we affirmed Moore's convictions but remanded to the trial court for resentencing because the trial court had used the incorrect sentencing range based on Moore's offender score of 3.[5] The trial court resentenced Moore in July 2019.

On July 26, 2021, Moore filed a CrR 7.8 motion.[6] Moore requested a hearing and appointment of counsel. The hearing was set for July 29, 2021, and was characterized as a *Blake* resentencing hearing. The trial court vacated Moore's unlawful possession of a controlled substance conviction (count II) pursuant to *Blake*.

In addressing the calculation of Moore's offender score, the State conceded that the trial court should remove a point from Moore's offender score based on the vacation of the unlawful possession of a controlled substance conviction. The State then stated that Moore's original offender score from 2017 had been miscalculated because it failed to include a federal felon in possession of a firearm conviction from 2005.[7] The State asserted that Moore's overall offender score and sentence would not change because "with the new point being added and the old

---

[5] The record shows that for Moore's first degree unlawful possession of a firearm conviction (count III), "[t]he sentencing court calculated [his] offender score as 3 but the judgment and sentence used the range applied for an offender score of 4." *State v. Moore*, No. 50327-1-II, slip. op. at 8 (Wash. Ct. App. Jan. 15, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2050327-1-II%20Unpublished%20Opinion.pdf.

[6] Moore filed a CrR 7.8 motion in 2020. The trial court transferred that motion to this court as a personal restraint petition. The petition was dismissed on the ground of abandonment because Moore did not pay the filing fee or file a statement of finances.

[7] In his briefing and SAG, Moore mentions that the relevant statute for his 2005 federal felon in possession of a firearm conviction was 18 U.S.C. § 922(g)(1). However, there is nothing in the record to confirm that Moore was convicted under 18 U.S.C. § 922(g)(1). Therefore, the conviction will be referred to as "federal felon in possession of a firearm" conviction.

[unlawful possession of a controlled substance] taken away, [Moore is] still a three and his range

doesn't change." Verbatim Rep. of Proc. (VRP) at 5.

Moore's counsel did not contest the addition of the point from the federal felon in

possession of a firearm conviction:

> I have had the opportunity to review the criminal history compilation provided by the State that does indicate two federal convictions in addition to the current offense on this case that puts Mr. Moore back at a three. It appears that [the State] is correct that he was incorrectly scored to begin with.
> . . . .
> I don't have a substantive objection to the Court entering the order denying.

VRP at 6.[8]

The trial court accepted the representation of Moore's "criminal history compilation" and

informed Moore:

> [Y]ou were originally sentenced with a three. Apparently, it should have been a four. When *Blake* was decided, your score went from what should have been a four back to a three or from a three to a two, but the point that was missed gets added back in, so either way, you end up as a three.

VRP at 7. The trial court did not further inquire into or analyze Moore's alleged prior federal felon

in possession of a firearm conviction.

The State proffered to the trial court an Order Denying Relief Pursuant to *Blake*. On July

29, the trial court signed the State's proffered order denying relief, stating that Moore was

> not eligible to have a corrected judgment or adjusted sentence because: [Moore's] original offender score did not consider a Felon in Possession of a Firearm conviction out of federal court. [Moore] loses a point from *Blake* relief, but with the additional point added to his score, his offender score does not change.

---

[8] Other than the transcripts from the *Blake* hearing and the subsequent orders from that hearing, the only references in the record to Moore's federal felon in possession of a firearm conviction are in the parties' briefings.

Clerk's Papers (CP) at 57-58. The trial court's order denying relief stated that the "original judgment and sentence remains in effect." CP at 58. There is no further reference to Moore's prior federal felon in possession of a firearm conviction in the order denying relief.

Also on July 29, the trial court signed an order titled "Order Vacating Sentence and Conviction and Dismissing Certain Counts Pursuant to *Blake* – Other Felony Counts Remain," vacating Moore's unlawful possession of a controlled substance conviction and dismissing that charge with prejudice. CP at 59. The order vacating stated, "[P]ortions of [judgment and sentence] not modified remain." CP at 62. The order vacating also stated that of the $800 that Moore owed in LFOs, none applied solely to Moore's vacated unlawful possession of a controlled substance conviction, so Moore did not receive any reductions in LFOs. The order vacating did not mention Moore's prior federal felon in possession of a firearm conviction.

Finally, on July 30, the trial court signed an "Order Correcting Judgment and Adjusting Sentence Pursuant to *Blake*" (Order Correcting Judgment). The Order Correcting Judgment "corrected and adjusted" sections 2.3 ("sentencing data") and 4.5 ("confinement over one year") of Moore's 2017 judgment and sentence. CP at 66-67. The Order Correcting Judgment stated that section 2.3 of Moore's judgment and sentence was "corrected and adjusted" "to reflect the offender score and standard range resulting for each count after all *Blake*-affected convictions were not counted" and section 4.5 was adjusted to "reflect the reduced sentence of confinement imposed on each count based on the corrected offender score and standard range resulting from *Blake*." CP at 65 (footnote omitted). Both corrected sections showed only information related to count I and count III because count II, the unlawful possession of a controlled substance conviction, had been vacated.

Previously, Moore had an offender score of 3 for both counts I and III, which included one point for the unlawful possession of a controlled substance conviction. Moore's "corrected and adjusted" offender score after the vacation of the unlawful possession of a controlled substance conviction (count II) was 3, which was derived by subtracting one point for the vacated unlawful possession of a controlled substance conviction (count II) and adding one point for Moore's prior federal felon in possession of a firearm possession conviction. There is no order amending Section 2.2, the criminal history section, of Moore's 2017 Judgment and Sentence to reflect the addition of Moore's prior federal felon in possession of a firearm conviction.

Moore appeals.

## ANALYSIS

A.    SCOPE OF REVIEW

Moore appeals the calculation of his offender score and resulting sentence on counts I (unlawful possession of a controlled substance with intent to deliver) and III (first degree unlawful possession of a firearm) from his CrR 7.8 hearing pursuant to *Blake*. The State argues that the appeal is improper because the judgment and sentence Moore appeals is from 2017, and he already exercised his right of appeal. Additionally, the State argues the trial court did not exercise discretion because it did not "resentence[]" Moore. Br. of Resp't at 12. Because the trial court recalculated Moore's offender score in 2021 based on a newly added prior conviction without evidence of the existence of such a conviction and without the trial court conducting any comparability analysis, Moore properly appeals his sentences on counts I and III.

1.        Appealability of Orders

A party may appeal trial court orders amending judgments.  RAP 2.2(a)(9).  A notice of appeal must be filed within 30 days after entry of the trial court's decision.  RAP 5.2(a).

A decision is final, and unreviewable, after a party has exhausted their right of review. RAP 12.7.  The finality of a judgment and sentence that was "'correct and valid at the time it was pronounced' is unaffected by the reversal of one or more counts." *State v. Kilgore*, 167 Wn.2d 28, 37, 216 P.3d 393 (2009) (quoting *In re Pers. Restraint of Carle*, 93 Wn.2d 31, 34, 604 P.2d 1293 (1980)).  If on remand a trial court exercises discretion as to the remaining count, the issue becomes appealable. *Id.*

Here, the State argues that Moore mischaracterizes the *Blake* hearing as a resentencing because "Moore was not resentenced."  Br. of Resp't at 12.  Therefore, the State argues, Moore is appealing his 2017 judgment and sentence, and he has already exhausted his right of appeal of that 2017 judgment and sentence.  We disagree.

While Moore's offender score and sentence did not change, the *Blake* hearing was effectively a resentencing because Moore's offender score and the resulting sentence are now based on a newly added prior conviction that added a point to his offender score.  Moreover, even taking the State's argument that Moore's offender score was miscalculated in 2017 as true, Moore's judgment and sentence on counts I and III was not "correct and valid at the time it was pronounced." *See Kilgore*, 167 Wn.2d at 37.  Furthermore, the trial court arguably exercised discretion as to the sentences on counts I and III (the remaining counts) when it added a point to Moore's offender score for a prior conviction that had never been raised before the hearing.

Regardless, under RAP 2.2(a), the trial court's orders are appealable because they, in essence, amended the 2017 judgment and sentence by deleting Moore's unlawful possession of a controlled substance conviction (count II) pursuant to *Blake* and added a point to Moore's offender score.[9] Moore timely appealed those orders. Therefore, Moore's appeal of the trial court's July 2021 orders is proper.

2.      Invited Error

The State argues that Moore is precluded from appealing the inclusion of his federal felon in possession of a firearm conviction to his offender score because he agreed to its inclusion during the *Blake* hearing. We disagree.

The doctrine of invited error generally prohibits a criminal defendant from appealing an error that the defendant helped create. *State v. Mercado*, 181 Wn. App. 624, 629-30, 326 P.3d 154 (2014). To determine if the doctrine of invited error applies, courts may consider whether the defendant agreed to the error, materially contributed to it, or in some way benefitted from it. *State v. Momah*, 167 Wn.2d 140, 154, 217 P.3d 321 (2009), *cert. denied*, 562 U.S. 837 (2010). Error is

---

[9] We note that while the trial court added a point to Moore's offender score for the newly presented prior federal felon in possession of a firearm conviction, there is nothing in the trial court's orders that amended Moore's 2017 judgment and sentence to reflect the addition of the prior federal conviction, either as part of Moore's criminal history or as the source of a point added to Moore's offender score. Instead, the trial court's various orders merely show that the trial court "ordered" that the judgment and sentence be "corrected and adjusted" to reflect a deletion of the vacated unlawful possession of a controlled substance conviction (count II) and ordered that "all terms of the Judgment and Sentence previously entered by this Court remain in full force and effect." CP at 58. Thus, the trial court did not enter an amended judgment and sentence to accurately reflect all the changes to Moore's criminal history and offender score. Best practices dictate the trial court should have entered an amended judgment and sentence rather than three separate orders that someone reviewing Moore's 2017 judgment and sentence would not be aware of.

invited if the defendant knowingly and materially contributes to the error through an affirmative, voluntary action. *Mercado*, 181 Wn. App. at 630.

Affirmative acknowledgment includes instances where the offender signs a document listing criminal history or when defense counsel includes prior convictions in its own offender score calculation to the court. *State v. Birch*, 151 Wn. App. 504, 517-18, 213 P.3d 63 (2009), *review denied*, 168 Wn.2d 1004 (2010); *State v. Ford*, 137 Wn.2d 472, 483 n.5, 973 P.2d 452 (1999). However, failure to object to the inclusion of a prior conviction in an offender score does not constitute affirmative acknowledgment. *In re Pers. Restraint of Canha*, 189 Wn.2d 359, 368 n.3, 402 P.3d 266 (2017).

In the context of a defendant's agreement with the State's offender score calculation, "[a] defendant's mere agreement with the State's offender score calculation and admission of the existence of an out-of-state conviction is insufficient to constitute an affirmative acknowledgment that an out-of-state conviction meets the terms of the comparability analysis." *State v. Richmond*, 3 Wn. App. 2d 423, 437, 415 P.3d 1208, *review denied*, 191 Wn.2d 1009 (2018); *State v. Mendoza*, 165 Wn.2d 913, 928, 205 P.3d 113 (2009) ("Nor is a defendant deemed to have affirmatively acknowledged the prosecutor's asserted criminal history based on his agreement with the ultimate sentencing recommendation."). In *Richmond*, the defendant agreed with the State that the offender score should include an out-of-state conviction, then challenged the inclusion of the out-of-state conviction on appeal because the out-of-state conviction was not comparable to any Washington offense. 3 Wn. App. 2d at 430, 436. The State argued that the court should decline review of the issue because the defendant affirmatively acknowledged the comparability of the out-of-state conviction during the sentencing hearing. *Id*. at 436.

The *Richmond* court rejected the State's argument, concluding that the State may only be relieved of its burden to present evidence documenting the existence of prior conviction when a defendant affirmatively acknowledges the facts and information necessary to justify use of a prior conviction in the offender score. *Id.* Because Richmond did not affirmatively acknowledge that the facts and information relating to his out-of-state conviction were legally comparable to a Washington offense, the State was required to prove the facts justifying the inclusion of the out-of-state conviction in Richmond's offender score. *Id.* at 437.

Like in *Richmond*, the State argues that Moore invited the error because he agreed with the State's offender score which included the prior federal conviction. But this same argument was rejected in *Richmond*. Moore's mere agreement with the State's offender score that included the prior federal conviction does not constitute an affirmative acknowledgment that the prior federal conviction met the requirements of a comparability analysis. There is no evidence in the record of the facts of Moore's prior federal conviction. Nor did Moore's counsel agree that facts of Moore's prior federal felon in possession of a firearm conviction were comparable to a Washington

offense. The doctrine of invited error does not apply against Moore, and Moore is not precluded from seeking appellate review of his offender score calculation.[10, 11]

B.     EVIDENCE OF PRIOR CONVICTION

Moore argues that remand is required because the trial court erroneously added a point to his offender score when the court did not conduct a comparability analysis. The State argues that we should decline to review Moore's claim because Moore's counsel "conceded at the trial court level that the standard sentencing range was properly calculated." Br. of Resp't at 17. We agree with Moore that remand is required, but not for the trial court's failure to conduct a comparability analysis. Rather, remand is required because the State failed to prove the existence of Moore's federal felon in possession of a firearm conviction and the trial court failed to properly document *any* information pertaining to this conviction in its orders or in an amended judgment and sentence.

1.     Legal Principles

The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, provides a grid of standard sentencing ranges based on a crime's seriousness and a defendant's offender score. RCW

---

[10] A defendant "'cannot waive a challenge to a miscalculated offender score.'" *State v. Ross*, 152 Wn.2d 220, 231, 95 P.3d 1225 (2004) (quoting *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 874, 50 P.3d 618 (2002)). Where a sentencing error results in an excessive sentence, it is a legal error because that sentence lacks statutory authority. *State v. Wilson*, 170 Wn.2d 682, 688-89, 244 P.3d 950 (2010). Therefore, even assuming the invited error doctrine applies and Moore invited error, if his prior federal felon in possession of a firearm conviction is not comparable and should not count towards his offender score, Moore's offender score and the sentence he received is higher than would be permissible under the Sentencing Reform Act of 1981. *See* RCW 9.94A.510, .525. In other words, if a comparability analysis is conducted and Moore's prior federal felon in possession of a firearm conviction is found to be not comparable and therefore should not be counted towards his offender score, then Moore would have an offender score of 2 instead of the score of 3 as the trial court calculated, which affects Moore's sentencing range. RCW 9.94A.510.

[11] The State, on remand, may present additional evidence regarding Moore's criminal history. RCW 9.94A.530(2); *State v. Cobos*, 182 Wn.2d 12, 15-16, 338 P.3d 283 (2014).

9.94A.505, .510, .520, .525; *State v. Olsen*, 180 Wn.2d 468, 472, 325 P.3d 187, *cert. denied*, 574 U.S. 912 (2014). An offender score is the sum of points accrued for prior and current convictions. RCW 9.94A.525; *State v. Schwartz*, 194 Wn.2d 432, 438, 450 P.3d 141 (2019). The addition of a point to an offender score is a question of law. *State v. Wilson*, 170 Wn.2d 682, 688, 244 P.3d 950 (2010).

In cases of resentencing following an appeal or collateral attack, "parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented." RCW 9.94A.530(2). Both parties may present "any evidence relevant to ensure the accuracy of the criminal history." *State v. Jones*, 182 Wn.2d 1, 11, 338 P.3d 278 (2014).

The State bears the burden of proving the existence and comparability of an offender's prior convictions by a preponderance of the evidence. *State v. Ross*, 152 Wn.2d 220, 230, 95 P.3d 1225 (2004). A court must "specify the convictions it has found to exist" and "[a]ll of this information shall be part of the record." RCW 9.94A.500(1). The "'existence of a prior felony conviction is a question of fact.'" *State v. Arndt*, 179 Wn. App. 373, 378, 320 P.3d 104 (2014) (quoting *In re Pers. Restraint of Adolph*, 170 Wn.2d 556, 566, 243 P.3d 540 (2010)). "'[A] prosecutor's assertions are neither fact nor evidence [of existence and comparability], but merely argument.'" *State v. Hunley*, 175 Wn.2d 901, 912, 287 P.3d 584 (2012) (quoting *Ford*, 137 Wn.2d at 483 n.3).

Prosecuting authorities may not "establish the existence . . . of a defendant's prior convictions with an unsupported criminal history summary from the prosecutor." *Id*. at 917. Evidence to prove a prior conviction includes certified copies of prior judgments or "comparable

documents of record or transcripts of prior proceedings to establish the defendant's criminal history." *State v. Wilson*, 113 Wn. App. 122, 136, 52 P.3d 545 (2002), *review denied*, 149 Wn.2d 1006 (2003). "'Absent a sufficient record, the sentencing court is without the necessary evidence to reach a proper decision, and it is impossible to determine whether the convictions are properly included in the offender score.'" *State v. Mendoza*, 139 Wn. App. 693, 705, 162 P.3d 439 (2007), *aff'd*, 165 Wn.2d 913, 205 P.3d 113 (2009) (quoting *Ford*, 137 Wn.2d at 480-81), *aff'd*, 165 Wn.2d 913, 205 P.3d 113 (2009). The State's failure to prove a defendant's criminal history by a preponderance of the evidence requires remand for resentencing. *Id*. at 713.

While the State generally bears the burden of proving the existence and comparability of a prior conviction, an offender's "affirmative acknowledgment that his prior out-of-state and/or federal convictions are properly included in his offender score satisfies SRA requirements." *Ross*, 152 Wn.2d at 230 (emphasis omitted). However, as discussed above, merely agreeing with the State's offender score calculation and admitting the existence of an out-of-state conviction is insufficient to constitute an affirmative acknowledgment for purposes of a comparability analysis. *See Richmond*, 3 Wn. App. 2d at 437; *Hunley*, 175 Wn.2d at 917 ("[T]he State must meet its burden to prove prior convictions by presenting at least some evidence. That burden is relieved only if the defendant *affirmatively* acknowledges the alleged criminal history.").

We review a trial court's offender score calculation de novo. *Schwartz*, 194 Wn.2d at 438. A trial court exceeds its statutory authority when it imposes a sentence based on a miscalculated offender score. *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997); *Mendoza*, 165 Wn.2d at 927, ("[A] higher miscalculated offender score amounts to a sentence in

excess of that provided by the legislature."). When a score is miscalculated, the case must be remanded to the trial court for resentencing. *Schwartz*, 194 Wn.2d at 438.

2.     Offender Score Calculation With New Prior Conviction Information

At the hearing, the State asserted that Moore's prior federal felon in possession of a firearm conviction should add a point back to Moore's offender score after a point was removed due to the vacation of his unlawful possession of a controlled substance conviction. Although the State did not bring a motion to adjust Moore's offender score and sentence, the fact that Moore filed a CrR 7.8 motion for relief opened the door for either party to introduce new evidence of Moore's criminal history not previously presented. RCW 9.94A.530(2); *Jones*, 182 Wn.2d at 10. RCW 9.94A.530(2) does not state who must initiate a collateral attack in order to have such evidence properly presented. Therefore, the State can properly introduce evidence of a new prior conviction during a resentencing.

However, the State did not prove by a preponderance of evidence the existence of Moore's federal felon in possession of a firearm conviction. There is no evidence in the record of Moore's prior federal felon in possession of a firearm conviction. The only mention of Moore's prior federal conviction in the record is during Moore's *Blake* hearing. During the hearing, Moore's counsel referenced a "criminal history compilation provided by the State," which purportedly includes Moore's federal felon in possession of a firearm conviction. VRP at 6. This "criminal history compilation" is not included in the record and the record is not clear as to whether the trial court reviewed it at any time during the hearing.

The State argues that Moore affirmatively acknowledged the existence of his federal felon in possession of a firearm conviction because Moore's defense counsel concurred that Moore's

original offender score had been miscalculated in 2017. The State contends that because Moore affirmatively acknowledged the existence of the prior federal conviction, the State was absolved of its burden.

While the record shows that Moore's counsel acknowledged "two [prior] federal convictions," at no point did Moore's counsel affirmatively acknowledge the facts related to two prior federal convictions or that either of those two convictions were equivalent to convictions under Washington law. VRP at 6. Furthermore, there is no evidence in the record that Moore signed any document that included a prior federal felon in possession of a firearm conviction in his criminal history, and Moore's counsel did not offer his own offender score calculation.

While the State appears to have possessed documentation of Moore's prior federal felon in possession of a firearm conviction, no such documentation was made a part of the record nor does it appear that any evidence relating to the facts of the prior federal conviction was introduced for the trial court to consider during the hearing. Absent an affirmative acknowledgment by Moore, the State must prove the existence of Moore's federal felon in possession of a firearm conviction by a preponderance of the evidence, which it did not do. *State v. Lucero*, 168 Wn.2d 785, 788-89, 230 P.3d 165 (2010). Counsel's mere acknowledgment that Moore's original offender score should include Moore's prior federal felon in possession of a firearm conviction did not absolve the State from its burden of presenting evidence to prove the existence of the prior federal conviction. *Id*. at 788; *Richmond*, 3 Wn. App. 2d at 437. Thus, the trial court abused its discretion by adding a point to Moore's offender score that is not supported by any evidence in the record.

Furthermore, and more importantly, even if the State had proven Moore's prior federal conviction, the trial court never specified all of Moore's prior convictions it found to exist nor

made that information part of the record. RCW 9.94A.500(1). The trial court "corrected and adjusted" Moore's judgment and sentence with several orders, none of which document Moore's prior federal felon in possession of a firearm conviction. As it is these documents that form the basis of Moore's offender score calculation, we are unable review whether Moore's offender score calculation is actually correct. *State v. Sanchez*, 60 Wn. App. 687, 695-96, 806 P.2d 782 (1991); *Mendoza*, 139 Wn. App. at 705. Indeed, no future reviewing court would know or understand why and how Moore's offender score is what it is.

In circumstances where an offender's criminal history has changed, reliance on incomplete or outdated documents without explicit clarification of any changes and the basis for changes to criminal history, as is the case here, is insufficient to justify the calculation and imposition of an offender score. *See* RCW 9.94A.500(1). Here, the federal conviction and statutory basis for that conviction, for which a point was added to Moore's offender score during the *Blake* hearing, is not referenced in the trial court's various orders. Nor is there any evidence of the facts of Moore's prior federal conviction in the record. The trial court's Order Correcting Judgment is the foundation of Moore's current offender score calculation. However, the Order Correcting Judgment does not identify how or why Moore's offender score started as a 3 and remained at a 3, despite the vacation of a conviction stated in the original judgment and sentence.[12]

"[F]undamental principles of due process prohibit a criminal defendant from being sentenced on the basis of information which is false, lacks a minimum indicia of reliability, or is unsupported in the record." *Ford*, 137 Wn.2d at 481. The record here consists only of counsels'

---

[12] Again, best practices would dictate the entry of an amended or corrected judgment and sentence rather than entering various stand-alone orders.

16

statements made during argument, which is not evidence of the existence or facts of a prior conviction. *See Hunley*, 175 Wn.2d at 912.

Because Moore did not affirmatively acknowledge his prior federal felon in possession of a firearm conviction, there is no evidence in the record to prove the existence or facts of Moore's prior federal conviction, there is no information in the record that would allow the trial court to even begin conducting a comparability analysis, and the trial court did not conduct a comparability analysis as required by RCW 9.94A.525(3), the trial court erred by adding a point to Moore's offender score for a prior federal felony conviction. We remand for resentencing.

C.    SAG

Moore raises two issues in his SAG. First, Moore asserts that his prior federal felon in possession of a firearm conviction washed out. Second, Moore claims that the trial court unlawfully added a point to his offender score because the purpose of his *Blake* hearing was to vacate his count II sentence.

1.    Prior Conviction Wash Out

Moore asserts that the trial court erroneously added a point to his offender score because his federal felon in possession of a firearm conviction washed out. Because there is no record of the facts of the prior federal conviction to determine whether the prior federal conviction washes out and it is not clear at this point whether the prior federal conviction is comparable, the issue of whether Moore's prior federal conviction washes out should be addressed by the trial court on remand.

2.      Offender Score Calculation

Moore claims that the purpose of his *Blake* hearing was for him to be resentenced after the vacation of count II, and the addition of a point to his offender during the hearing was unlawful. Because this issue is addressed above, we do not address this issue further. *See* RAP 10.10(a).

CONCLUSION

The trial court erred to the extent it added a point to Moore's offender score for a prior federal conviction. Therefore, we reverse the trial court's offender score calculation and remand to the trial court to enter an appropriate amended judgment and sentence with Moore's complete criminal history, proven by a preponderance of the evidence.[13]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, J.

Cruser, A.C.J.

---

[13] On remand, Moore retains the right to object to any evidence the State introduces regarding his criminal history.